# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 95-50192
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ONE 1975 CESSNA 500 CITATION I, JET
AIRCRAFT, Serial No. 500-0204 Bearing
Guatemalan Registration No. TG0Z0,

                                        Defendant,

ENRIQUE ALBERTO DE LOS ANGELES
GUILA-MORALES,

                                        Claimant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(DR-94-CV-26)
- - - - - - - - - -
November 17, 1995
Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Enrique Alberto De Los Angeles Guila-Morales appeals from the judgment for the Government in a civil forfeiture action concerning an aircraft, pursuant to 21 U.S.C. § 881(a)(4). He asserts that the district court erred by refusing to suppress the

---

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

aircraft and the evidence discovered therein because of an illegal seizure; that the district court erred by considering at the forfeiture trial evidence acquired after the institution of the forfeiture proceedings; and that the evidence was insufficient to support a finding of probable cause for the forfeiture of the aircraft.

Considering the totality of the circumstances, the search warrant affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, and the good-faith exception applies. *See **United States v. Satterwhite***, 980 F.2d 317, 320 (5th Cir. 1992). Therefore, the seizure was not illegal, and the district court did not err by refusing to suppress the aircraft and the evidence discovered therein.

The district court did not err by allowing the Government to introduce statements made by Javier Santoscoy; as hereinafter discussed, the challenged evidence was acquired before, not after, the institution of the forfeiture proceedings. Although there is no Fifth Circuit case addressing this issue, we need not decide it, because Guila-Morales's argument fails even applying, as he urges, the construction of 19 U.S.C. § 1615 adopted by the First and Ninth Circuits. *See* **United States v. Parcels of Property**, 9 F.3d 1000, 1002, 1004-05 (1st Cir. 1993) (forfeiture proceedings were instituted on the date that the Government filed a complaint for forfeiture); ***United States v. $191,910 in U.S. Currency***, 16 F.3d 1051, 1070 (9th Cir. 1994) (agreeing with

*Parcels of Property*).  Santoscoy's statements were made in March 1994, and the Government did not file the complaint until that June.  Although Guila-Morales contends that forfeiture proceedings are instituted earlier, when the Government files a notice of seizure and mails such to the claimant, citing to 19 U.S.C. § 1600 *et. seq.*, the statute does not so indicate.

Finally, the evidence was sufficient to support a finding of probable cause for the forfeiture.  The finding that Guila-Morales transported cocaine into the United States in the aircraft is supported by evidence in the record, namely the informant's tip and Santoscoy's statements to Agent Martinez.  This evidence, coupled with the trace amounts of cocaine found on the aircraft, is sufficient to support a finding of probable cause.  *See **United States v. One Gates Learjet Serial No. 28004***, 861 F.2d 868 (5th Cir. 1988).

**AFFIRMED**